DAVID L. SMITH,             )
                             )
           Petitioner,     )
                             )
     v.                 )          **ORDER**
                             )
ROY COOPER,            )
                             )
           Respondent.[1]   )
_____)

      **THIS MATTER** is before the Court on consideration of Respondent's motion for summary judgment on the claims presented by Petitioner in his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion for summary judgment will be granted and Petitioner's Section 2254 petition will be denied and dismissed.

## I.      BACKGROUND

      Petitioner is presently a prisoner of the State of North Carolina who was sentenced in Mecklenburg County Superior Court on May 4, 2011, following his entry of guilty pleas to one charge of attaining the status of habitual felon and one charge of possession of stolen goods. Petitioner's counsel negotiated a plea agreement with the State in advance of the sentencing hearing. In exchange for his agreement to plead guilty to the above charges, the State would agree to dismiss five additional charges and the parties agreed to a sentence of 87-114 months.

---

[1] As explained by the State in its response, on the date the response was filed, the Petitioner was housed at Lumberton Correctional Institution, where his custodian is Brad A. Perritt. (Doc. No. 7 at 1 n.1). Accordingly, Superintendent Perritt is the proper respondent in this case. See Rule 2(a) of the Rules Governing Section 2254 Cases.

During his plea hearing, Petitioner was present with counsel and placed under oath. Petitioner acknowledged that his lawyer had explained the nature and elements of each charge and that he was satisfied with his attorney's services. Petitioner averred that he understood the elements of the charges and the potential penalties were explained by the Court. On the habitual felon charge, Petitioner faced a maximum term of 228 months' imprisonment, and on the possession of stolen goods charge he faced a maximum term of 30-months. Petitioner averred that he understood that he could elect to plead not guilty and face a jury trial where the State would have the burden of proving his guilt beyond a reasonable doubt. Petitioner admitted that he was pleading guilty pursuant to the terms of the plea agreement which expressly provided that he agreed to admit his status as a habitual felon and that the parties agreed that he would be sentenced to a term in the mitigated range of 87-114 months. Petitioner's pleas of guilty were accepted after the Court found that they were knowingly and voluntarily entered. Petitioner, Petitioner's counsel and the State signed the plea agreement and it was accepted by the Court. Petitioner was sentenced in accordance with the terms of the plea agreement. (Doc. No. 7-2: Transcript of Plea; Doc. No. 7-3: Judgment and Commitment).

On December 20, 2011, Petitioner filed a motion for appropriate relief (MAR) in the Mecklenburg County Superior Court.[2] In the MAR, Petitioner challenges the legality of his conviction on the charge for possession of stolen goods contending that the indictment failed to properly allege each element of the crime. Petitioner argued that the indictment contained a "fatal flaw" and his conviction on that charge should be vacated. (Doc. No. 13: MAR). On

---

[2] In his habeas petition, Petitioner states that he appealed to the North Carolina Court of Appeals and raised a claim of ineffective assistance of counsel, however Petitioner provides no indication regarding the disposition of the appeal. (Doc. No. 1 at 2).

December 23, 2011, the superior court summarily denied the MAR. (Doc. No. 14). Apparently Petitioner was unaware that the state court denied his MAR and he later filed a petition for a writ of mandamus with the court of appeals seeking an order forcing the superior court to act on his MAR that was later denied. (Doc. Nos. 5 and 7).

In this federal habeas proceeding, Petitioner raises several claims of ineffective assistance of counsel which will be addressed in turn below. The State has responded to the § 2254 petition and raises several defenses in support of summary dismissal. The Court notified Petitioner, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his obligation in responding to the motion for summary judgment and he was provided thirty days to file a response. (Doc. No. 8). The Order was mailed to Petitioner by the Clerk and there is no indication that the Order was returned as undeliverable. The thirty-days have since expired and to date Petitioner has presented no response.

## II.     STANDARD OF REVIEW

### A.     Summary Judgment Standard

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

B.    Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must

also consider the requirements set forth in 28 U.S.C. § 2254, which provides in relevant part, that

an application for a writ of habeas corpus on behalf of a person in custody pursuant to the

judgment of a State court shall not be granted with respect to any claim that was adjudicated on

the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and

finally determined as evidenced by the state court's issuance of a formal judgment or decree. . ."

Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455

n.2 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law

only if "the state court arrives at a conclusion opposite to that reached by [the United States

Supreme] Court on a question of law or if the state court decides a case differently than [the

United States Supreme] Court has on a set of materially indistinguishable facts." Williams v.

Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the

same facts, we would have applied the law differently; we can accord [the petitioner] a remedy

only by concluding that the state court's application of the law in his case was objectively

unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th

Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state

court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

## III.    DISCUSSION

Petitioner contends that his trial counsel was ineffective: (1) by coercing him into signing the plea agreement and in failing to explain properly the potential term of imprisonment he faced upon conviction of the habitual status offense (Ground 1); and (2) in failing to challenge the charge of possession of stolen goods and in providing erroneous advice regarding the charge. Petitioner maintains that had these errors not occurred, the outcome of his criminal proceeding would have been different because he would not have pled guilty to the habitual felon charge (Ground 2). In addition, Petitioner maintains that he was actually innocent of the charge of possession of stolen goods and had his counsel properly contested the charge, he would have elected to plead not guilty and taken his case to trial (Ground 3). (Doc. No. 1 at 5).

In order to state a claim for ineffective assistance of counsel, the petitioner bears the burden of demonstrating both that his counsel's performance was deficient and that he suffered prejudice from the performance. See Strickland v. Washington, 466 U.S. 668, 688 (1984). In the context of a guilty plea, Petitioner must also show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have instead insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

A.    Guilty Plea (Ground 1)

First, the Court notes that Petitioner states that "upon information and belief" his trial counsel coerced him into entering a guilty plea without fully explaining the consequences of the decision. This is a conclusory statement as it does little to support Petitioner's assertion that he

was in fact subject to coercive behavior during the plea negotiations and during his plea proceedings and this claim could be dismissed for that reason alone. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim . . . a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not provide sufficient ground . . . to require an evidentiary hearing . . ."), cert. denied, 507 U.S. 923 (1993), abrogated on other grounds by, Gray v. Netherland, 518 U.S. 165-66 (1996). See also Zettlemoyer v. Fulcomer, 923 F.2d 284, 301) ("bald assertions and conclusory allegations do not provide sufficient ground . . . to require an evidentiary hearing . . .").

Petitioner's argument in favor of relief under Strickland depends on a finding that his guilty plea was not knowing and voluntary. The Court finds that the record demonstrates that his contention regarding the validity of his guilty plea is without merit. The sworn statements of a defendant during a plea hearing, where the court is responsible for assessing the truthfulness of his answers "constitute a formidable barrier in any subsequent collateral proceedings", and "carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during [a plea hearing] is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss [a habeas proceeding] without holding an evidentiary hearing." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citing Blackledge, 431 U.S. at 79 n.19).

During his plea proceeding, Petitioner was placed under oath and answered every

question posed by the state court and the record shows that he expressed an understanding of the elements of the charges against him, which he averred had been explained to him by his counsel, and Petitioner expressed that he understood the proceedings. In addition, the transcript of plea form demonstrates that the actual sentence to which the parties agreed would apply to the habitual felon charge and this was explained to Petitioner. There is no question that the term of imprisonment was written in plain language, and the form was signed by Petitioner thus evincing his understanding of the terms to which he was offering his solemn agreement and his knowledge of the sentence that would be imposed upon his conviction. For these reasons, the Court finds that Petitioner's plea was both knowing and voluntary and this claim will be denied.

> B.    Failure to Investigate or Contest (Ground 2)

This argument is without merit for the reasons stated above, namely, that Petitioner agreed that his attorney explained the elements of the possession of stolen goods charge and that he fully understood the nature and elements of the charge and that he was satisfied with the services of his attorney. Further, Petitioner solemnly admitted that he was in fact guilty of the charge. Petitioner's late remorse that he chose to enter a guilty plea to the charge fails to support a claim under Strickland and it will be denied.

> C.    Actual Innocence

Petitioner raised the substance of this claim in his MAR. It is well understood that a valid plea of guilty represents an admission to the material elements of a crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). As this Court has noted, during his plea hearing Petitioner admitted under oath that he understood each element of the crimes charged, that he was satisfied with the services of his attorney and that he was in fact guilty of the crimes charged. Moreover, a

valid guilty plea may waive any non-jurisdictional defects which are alleged to have preceded the acceptance of the plea. <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973).

In <u>Tollett</u>, the Supreme Court found that a valid guilty plea generally bars federal review of claims relating to the possible constitutional violations occurring prior to the entry of the plea. The Court found that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that" he received advice which could support a claim of ineffective assistance of counsel. <u>Id.</u>

Petitioner has clearly failed to carry this burden as he does not present any reasonable argument as to how his counsel's alleged errors caused him prejudice when it was he that knowingly and voluntarily offered his solemn admission of guilt to the elements of the possession offense. Moreover, Petitioner has failed to demonstrate that the state court's adjudication of this claim was contrary to controlling Supreme Court precedent or represented an unreasonable application of the facts of his case. <u>See</u> 28 U.S.C. § 2254(d).

## IV.    CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner has failed to present any meritorious claims for relief and his § 2254 petition will be denied.

**IT IS, THEREFORE ORDERED** that:

1.    Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 6).

2.    Petitioner's petition for habeas corpus will be **DENIED** and **DISMISSED**. (Doc.

No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Robert J. Conrad, Jr.
United States District Judge